UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIEGO RODRIGUEZ, LEVI
ANDERSON, MARISSA ANDERSON
and MIRANDA CHAVOYA,

        Plaintiffs,

v.                                    Case No.: 6:24-cv-486-WWB-EJK

ST. LUKE'S HOSPITAL, IDAHO
DEPARTMENT OF HEALTH AND
WELFARE, DAVE JEPPESEN, TRACY
JUNGMAN, ROXANNE PRINTZ, CITY
OF MERIDIAN, KELSEY JOHNSTON,
JEFF FULLER, STEVEN HANSEN,
SEAN KING, KENNETH CAYGLE,
CHRISTOPHER MCGILVERY, CHIEF
TRACY BASTERRECHEA and DOES I-
X,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on *sua sponte* review. Plaintiffs filed the Complaint (Doc. 1) against Defendants alleging multiple claims arising out of a traffic stop and the emergency removal of Plaintiffs Levi and Marissa Anderson's child to protective custody. Based on the allegations set forth in the Complaint, the Court is uncertain that venue is proper in this District.

"[A] district court may raise on its own motion an issue of defective venue[.]" *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). A plaintiff may sue in the following venues:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If the district court where the case is filed is wrong, that district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

It appears that the events giving rise to this action all occurred in Idaho and Defendants are all residents or citizens of Idaho.  (*See e.g.*, Doc. 1, ¶¶ 5–18, 24–27, 48–49, 55).  Thus, it appears that venue is not properly laid in this Court.

Even if venue is not defective, transfer may still be warranted for *forum non conveniens*.  See *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) ("[T]here is a long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens* . . . so long as the parties are first given the opportunity to present their views on the issue." (quotation omitted)); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

Accordingly, it is **ORDERED** that Plaintiffs shall **SHOW CAUSE** on or before **March 25, 2024**, as to why this case should not be dismissed or transferred for lack of venue.  Failure to do so may result in the dismissal or transfer of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on March 11, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties